CHARLES H. SMART *vs.* LAURA A. BURGESS, *et al.*

JANUARY 31, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Guardian and Ward.   Executors and Administrators.   Procedure.*

Pending an action, defendant was adjudged insane and his guardian was made a party.   Judgment was entered for plaintiff, and a bill in equity was brought by plaintiff in aid of the judgment against the mortgagee of attached property and the lunatic represented by his guardian and decree entered in favor of complainant.   Subsequent to the argument upon the appeal in the Supreme Court, the lunatic died, and his administrator claimed a right to file an answer in that court:

*Held*, that as the only question before the court was the correctness of the finding of the Superior Court, at the time it was entered, the pleadings in the case could not be changed to adjust them to circumstances arising subsequent to the entry of the decree.

*(2)   Attachment.   Guardian and Ward.*

The lien of an attachment is not dissolved upon the appointment of a guardian over the defendant.

*(3)   Attachment.   Mortgages.   Guardian and Ward.*

The interest of defendant in real estate was attached and judgment entered. Pending the action defendant was adjudged insane and his guardian was made a party. · The real estate was sold at mortgagee's sale before the entry of judgment:

*Held*, that plaintiff having obtained a lien through the attachment, was entitled in equity to have his judgment satisfied out of the balance in the hands of the mortgagee.

BILL IN EQUITY.  Heard on appeal of respondents and dismissed.

VINCENT, J.  This is a bill in equity brought by the complainant against Laura A. Burgess, of the city and state of New York, and John Nelson, a lunatic, represented by Raphael Silverstein, his guardian, of the city and county of Providence, in the State of Rhode Island.

The bill sets out that a writ of attachment was issued August 25, 1909, attaching the right, title and interest of John and Fannie Nelson in and to certain real estate in Providence; that judgment at law was entered in such action on March 13, 1911, for $1,061.20; that pending the action John Nelson was adjudged insane and the said Raphael Silverstein was duly appointed his guardian and summoned in and made a party to the suit; that the real estate attached was subject to a mortgage under which it was sold at a mortgagee's sale and that the proceeds of the sale over and above the amount of the mortgage were in the hands and possession of the respondent, Laura A. Burgess; that at the time of the aforesaid judgment there was none of the real estate attached standing in the name of John Nelson, and praying that the court would decree payment to the complainant of the whole or such portion of the balance remaining from the mortgagee's sale as might appear to be justly due to him in satisfaction of his judgment. The several respondents by their answers substantially admit the allegations of the bill, but claim that the appointment of the said Silverstein as guardian of the person and estate of the said John Nelson dissolved the attachment and that the complainant, by virtue of said attachment, had no lien upon the balance in the hands of said mortgagee, Laura A. Burgess, but that the complainant's only remedy would be to obtain judgment and take out execution against the estate of John Nelson in the hands of his guardian.

The case was heard in the Superior Court upon bill and answer and a decree was entered ordering the respondent,

Laura A. Burgess, to pay the complainant's judgment in case No. 26,395, *Charles H. Smart* v. *John Nelson, et al.*, amounting to $1,061.20, together with interest and costs.

From this decree of the Superior Court the respondents claimed an appeal stating the following reasons therefor: (1) that said decree is against the evidence and the weight thereof, (2) that said decree is against the law, (3) that said decree is against the rights of the respondents as disclosed by the pleadings and proof, (4) that the court erred in finding that the attachment of real estate was not dissolved by the appointment of a guardian of the respondent, John Nelson, (5) that the court erred in finding that the attachment of real estate as aforesaid was not dissolved, by implication, under the language of Sec. 6, Chap. 318 of the General Laws of 1909, (6) that the court erred in finding that, independent of the statute, the plaintiff would be entitled to judgment and execution against the ward and against the estate of the ward by virtue of the attachment of real estate as aforesaid, when the said ward was under guardianship, (7) that the court erred in finding that it was not necessary to file claims with the guardian of said John Nelson according to the statute, (8) that the court erred in decreeing that the complainant was entitled to a decree in accordance with the prayer of his bill.

(1) Subsequent to the argument upon the appeal John Nelson died. An administrator upon his estate was appointed who entered his appearance and claimed the right to file an answer in this court. Under some misapprehension as to the status of the case an order was entered allowing the administrator to answer, but later a notice was given to the parties to appear and show cause why such order should not be revoked and upon their appearance the matter was continued two weeks to allow for the submission of briefs. The court has now further heard the parties as to the right of the administrator to appear and file an answer here. We do not think that such administrator is entitled to now appear and answer. It must be borne in mind that the

question or questions now before us only involve the correctness of the finding of the Superior Court, as expressed in its decree, which has been appealed from. In other words, was the decree of the Superior Court, at the time it was entered, erroneous. The decree was based upon the pleadings as they then stood. We do not think that such pleadings, pending our decision upon the decree of the court below, can be changed, altered or added to, to fit or adjust them to circumstances or conditions arising subsequent to the entry of such decree. The question before us is, shall the decree be affirmed or shall it be reversed. If the decree of the Superior Court was right it should be affirmed but, on the other hand, if it was erroneous, it should be reversed, and our action in that regard can neither be controlled nor modified by subsequent events which cannot now be properly presented for our consideration.

The respondent contends that the court below erred in finding that the attachment of real estate was not dissolved by the appointment of a guardian of the respondent, John Nelson, and argues that inasmuch as an attachment would be dissolved by the death of the defendant, it would also, by analogy, be dissolved by the appointment of a guardian, the situation being similar to that created by the appointment of an executor or administrator. It is not the appointment of an executor or administrator that dissolves the attachment, but the death of the party against whom the suit is pending which necessarily and by operation of law brings about a complete and final appropriation and distribution of his property and assets, first in the liquidation of his debts, and second in the distribution of the remainder among his devisees or heirs-at-law. The two situations are so dissimilar that we cannot admit the analogy for which the respondents contend.

In the present case a writ of attachment was issued against the defendant, John Nelson, on August 25, 1909, and on the same day service thereof was made by attaching all his right, title and interest in and to certain real estate.

The real estate attached was subject to a mortgage to the respondent, Laura A. Burgess. Subsequent to the attachment the attached property was sold out at a foreclosure sale under said mortgage. The amount obtained was more than sufficient to pay the mortgage with interest and incidental expenses. The complainant prays in his bill that the respondent, Laura A. Burgess, may be decreed to pay over to him the balance remaining in her hands or so much thereof as may be required to satisfy the judgment which he has obtained in his suit against Nelson.

(2) While the attachment of property may be a summary and extraordinary remedy created by statute in derogation of the common law, it is, nevertheless, the established law of this State, as well as of many other states, that a party plaintiff may by attachment obtain a lien upon the property of the defendant and hold the same subject to the satisfaction of such judgment as he may thereafter obtain in his suit. This right of the plaintiff being founded upon and acquired under the statute, it should not be taken away or nullified except upon the clearest reasoning and authority.

In some of the cases cited by the respondents it is held that guardians are not liable as garnishees and in others the powers, duties and obligations of guardians are defined and controlled by statutes which differ materially from the statutes of this State.

The general statement that the property of a lunatic after he has been adjudicated insane is *in custodia legis* we assume to be correct, and that it must thereafter be managed and disposed of by the guardian under the direction of the court appointing him. It does not follow, however, that a pre-existing lien, by way of attachment is necessarily dissolved by the appointment of a guardian. It seems to us to be the better reasoning that the guardian takes the property, subject to the lien which the plaintiff has already acquired under the statute. It might have been possible to have dissolved the attachment through proceedings in bankruptcy or insolvency, but as such proceedings were not in-

stituted we need not discuss the possibilities in that direction.

The respondent further contends that the necessities of the lunatic and his family must first be considered and provided for out of the estate which comes to his guardian. In view of the conclusion which we have already reached, that the guardian takes the property of his ward, subject to the existing attachment lien, there is no necessity for the discussion of this question.

The respondents also contend that it appears, inferentially, from the provisions of Sec. 6, Chap. 318, that an attachment would, under the conditions of the case at bar, be dissolved by the appointment of a guardian. We do not think that the section referred to, considered in connection with the section preceding it, justifies such an inference. The purpose of that section seems to be to protect executors, administrators and guardians by limiting the satisfaction of judgments against them to the property of their wards, which may be in their possession, and to insure them from any personal liability by extending to the court a permissive authority to enter judgment against the estate in their hands.

In the present case the complainant is not seeking to satisfy his judgment out of any estate in the hands of the guardian or administrator. He asks that his judgment may be satisfied from a cash balance proceeding from the sale of the attached property under mortgage and now in the hands of the respondent, Laura A. Burgess, as mortgagee.

We cannot find in Sec. 6, Chap. 318, any intention on the part of the law making power to deprive an attaching creditor of his lien under the circumstances of the present case. It is evidently contemplated by this section that where an executor, administrator or guardian comes into a suit already pending against the decedent or ward the court may in its discretion limit the levy of the execution or the satisfaction of the judgment to the estate in his hands. We do not think that the only judgment and execution in a case of this kind must necessarily be against the estate

of the ward in the hands of the guardian and that therefore the attachment is impliedly dissolved.

An attachment is a lien or incumbrance upon the property attached. When the judgment is rendered it gives effect to the attachment and relates back to the time when the attachment was made. There is no statute in this State which deprives a plaintiff of his attachment lien upon the appointment of a guardian over the defendant. A general assignment for the benefit of creditors would not be effectual to defeat a previous attachment without the aid of a statute to that effect.

In the case of *Hubbard* v. *Hamilton Bank*, 7 Met. 340, it was held that an attachment of the property of a bank made prior to application of the bank commissioners for an injunction, under the statute, to restrain the bank from further proceeding with its business was not dissolved by the subsequent appointment of receivers pursuant to the provisions of such statute to take possession of the property and effects of the bank; the court saying, among other things, that there is nothing in the nature of the process by injunction and the appointment of receivers which necessarily dissolves an attachment previously made: that there is nothing in the principle of equal distribution among all creditors *pro rata* powerful enough to set aside the priority already acquired by a vigilant creditor and that the lien acquired by attachment must continue, notwithstanding such proceedings, to be available if the party prevails in his action and levies his execution within the time prescribed by law.

So in the case at bar, we see no reason and find no satisfactory authority for depriving the complainant of the lien which his attachment gave him. Having obtained such a lien and being entitled to retain it, we see no reason why the complainant's judgment should not be satisfied out of the balance remaining in the hands of the respondent, Laura A. Burgess, after the sale of the attached property under mortgage, such balance standing in the place of or representing the property originally attached.

The respondents' appeal is dismissed, the decree of the Superior Court is affirmed and the case is remanded to that court for further proceedings.

*Charles R. Easton,* for complainant.

*Waterman and Greenlaw, Charles E. Tilley,* for respondents.