DANA C. EVERETT *vs.* CUTLER MILLS.

JUNE 10, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.  This is an action of assumpsit which was begun by writ of attachment to recover the sum of $6,000 alleged to be due to plaintiff as a commission for procuring a purchaser for one of defendant's mills.  Four parcels of real estate with several mills thereon were attached.  Two jury trials, one in 1918 and the other in 1928, resulted in verdicts for plaintiff.  Each verdict was set aside on the ground that it was against the weight of the evidence.

Defendant, believing plaintiff's claim to be unfounded, conveyed by warranty deed one of the parcels of land under attachment to the French Dye Works.  This grantee subsequently conveyed the land by warranty deed to the V & H Weaving Co.  In 1929 this company was declared to be insolvent and a receiver was appointed to wind up its busi-

ness. Permission was given by the Superior Court to the receiver to sell the above-mentioned parcel of land for $3,500. One Mendoza agreed to buy the land but, learning of the attachment, he refused to complete the sale unless the attachment was removed. Plaintiff's attorney refused to consent to the sale by the receiver or to release the attachment unless $2,000 of the agreed price was paid to him. The receiver thereupon filed a petition stating the facts and requesting permission of the court to secure the release of the attachment by the payment of $2,000 of the purchase price to plaintiff's attorney. After a hearing the receiver was authorized to make said payment. The sale was completed, plaintiff's attorney received $2,000 and the attachment on said parcel of land was released.

In May, 1931, plaintiff began a third trial of his action. He claimed the right to recover the full amount of his claim of $6,000 with interest. He said nothing in his testimony about the release of the attachment and the receipt of $2,000. On the second day of the trial after some negotiations between the counsel they signed a stipulation for the entry of "judgment for the plaintiff, $2,500, No costs." This stipulation was presented to the trial justice, was indorsed by him, the jury was discharged and judgment was entered by submission of defendant for $2,500, no costs.

Some time thereafter plaintiff moved that execution issue on the judgment. Defendant discovered the facts regarding the release of the attachment and filed two motions (1) that the judgment for plaintiff be reduced to $500 and execution issue for this amount only; (2) that the judgment for $2,500 be vacated. Plaintiff's motion was granted and defendant's motions were denied. The case is in this court on defendant's exceptions to the decisions of these motions. Plaintiff admits that when the stipulation for judgment was made defendant did not know of the release of the attachment and the payment made. Plaintiff's attorney testified that he considered the money paid for the release belonged to plaintiff unconditionally; that he did not disclose

the fact of such payment to defendant as he did not consider it was any concern of the defendant.

It is clear that plaintiff can not retain the money already received and also recover in his action the full amount for which he sues. An attachment is a statutory remedy in aid of and dependent upon a creditor's action for the recovery of the debt owed to him. An original writ of attachment may issue only on affidavit of plaintiff that he has a just claim that is due upon which he expects to recover in his action a sum sufficient to give jurisdiction to the court. (G. L. 1923, Chap. 349, s. 14.) An attachment creates a lien on the property attached which is held in the custody of the law to satisfy such judgment or decree as the plaintiff may obtain. (G. L. 1923, Chap. 350, s. 15.) The security thus provided is not for the debt but for the satisfaction of the judgment which results from the prosecution of the action; it is given to the creditor by law, not by voluntary action of the debtor.

When an attachment on real estate is properly made the court has no authority to annul the attachment. *Wood* v. *Watson,* 20 R. I. 223; *Mellen* v. *Battey,* 22 R. I. 395. If the defendant in a writ complains to the court from which the writ issued that the damages alleged are excessive or that the property attached greatly exceeds in value the amount of the damages, the court, after notice to the plaintiff and upon cause shown, may order a reduction of the *ad damnum* or a partial release of the attachment. (G. L. 1923, C. 350, s. 21) *Seiler Coal Co.* v. *Superior Court,* 47 R. I. 76.

Chapter 798, P. L. 1926, an amendment of Chapter 350, Sec. 20, G. L. 1923, now provides that an officer who has attached real estate shall release and discharge such attachment, upon the public record, at any time before final judgment, upon being tendered a bond with surety by an authorized surety corporation in the penal sum of the amount of damages laid in the writ.

In the case at bar the attachment was released by authority of the court without the knowledge or the consent of the defendant. Although the court thus exceeded its authority, defendant's liability on its warranty against encumbrances was made questionable. Plaintiff's right as against defendant to retain the money received can be recognized only as a reduction of the amount of the alleged debt or as a substitution of money for real estate as security.

When the stipulation for judgment was made defendant believed that all of its liability arising from plaintiff's action and also its responsibility for the warranty against encumbrances was to be settled by the payment of $2,500. It was the duty of the plaintiff to inform defendant of the release. Granting plaintiff's assertion that he intended no deception, the fact is that defendant was misled by his silence when it was his duty to speak.

A judgment is a decision of the law given by the court as the result of legal proceedings; it is not a contract between the parties. *Morley* v. *Lake Shore Ry. Co.*, 146 U. S. 162. It is treated as a contract or as a *quasi* contract only by a legal fiction for the purpose of enforcing legal remedies. 33 C. J. 1056. The judgment in all substantial particulars must follow and conform to the verdict or the decision. An order for the entry of judgment is a judicial act, whether the entry is by consent or otherwise. It is the duty of the court to examine the record to ascertain its authority to enter a particular judgment. *Rosebrough* v. *Ansley,* 35 Ohio St. Rep. 107. The stipulation was merely evidence to be considered by the court in making its decision to order the entry of judgment. *Merrill* v. *Bachelder,* 123 Cal. 674. The fact and the sufficiency of consent, if questioned, are to be decided by the court. This judgment was entered by mistake. It would not have been entered if defendant or the court had been informed of the facts. It was the duty of the Superior Court to vacate the judgment upon proof of the mistake.

Defendant cannot accept a part of the stipulation and repudiate the remainder. As the stipulation was made by mistake, it is no basis for the judgment. The exceptions to the order for the issue of an execution and the refusal to vacate the judgment are sustained. The other exception is overruled.

The case is remitted to the Superior Court for vacation of the judgment and for a new trial.

*David Silverstein, William H. McSoley, Max Levy,* for plaintiff.

*Stephen D. Paddock,* for defendant.