**In re George E. GIBBONS.**

**No. 82–325–Appeal.**

Supreme Court of Rhode Island.

May 10, 1983.

Thomas W. Kelly, Newport, for respondent.

Kathleen Managhan, Newport, for petitioner.

## OPINION

MURRAY, Justice.

The United States Bankruptcy Appellate Panel for the First Circuit, acting pursuant to Rule 6 of the Supreme Court Rules, has certified to this court two questions of law, together with a statement of the facts relevant to the controversy in which the questions arose.[1]

The relevant facts are as follows. In a chapter 7 bankruptcy proceeding in the District of Rhode Island, the debtor, George E. Gibbons, claimed that his interest in real estate held as tenants by the entirety with his wife was exempt from process under Rhode Island law. On February 5, 1982, the bankruptcy judge allowed the exemption over the objection of Lieutenant Donna Parkinson, U.S.N., one of the creditors involved in the bankruptcy proceeding. *In re Gibbons,* 17 B.R. 373 (Bkrtcy.D.R.I.1982). The judge's decision was based on Rhode Island case law, which holds that property held in a tenancy by the entirety, although subject to attachment, is not subject to levy

and sale on execution for debts incurred by only one spouse. *Id.* at 375. The judge then concluded that an attaching creditor's "inchoate and/or contingent right to levy" was insufficient to preclude an exemption under 11 U.S.C.A. § 522(b)(2)(B) (West 1979) which permits exemptions for realty to the extent that the debtor's interest is "exempt from process" under state law.[2]

The bankruptcy judge's decision was appealed by Lt. Parkinson to the Bankruptcy Appellate Panel for the First Circuit. On July 12, 1982, the panel certified the following questions of law to this court:

1. Whether, in fact, after a valid attachment of the husband's interest in a tenancy by the entirety, that attachment can be defeated by a joint conveyance of the property.

2. Whether, in fact, after a valid attachment of the husband's interest in a tenancy by the entirety, that attachment can be defeated by a conveyance of the husband's interest to the wife.

We begin our analysis by pointing out that an attachment "creates a lien on the property attached which is held in the custody of the law to satisfy such judgment or decree as the plaintiff may obtain." *Everett v. Cutler Mills,* 52 R.I. 330, 333, 160 A. 924, 925 (1932). "The later judgment does not create a new lien, but relates back to satisfy the earlier attachment by subjecting the attached property to satisfaction of the subsequent judgment." *In re Suppa,* 8 B.R. 720, 722 (Bkrtcy.D.R.I.1981) (citing *Everett v. Cutler Mills,* 52 R.I. 330, 160 A. 924 (1932) and *Doyle v. Heath,* 22 R.I. 213, 47 A. 213 (1900)).

A debtor who has had his property attached cannot defeat that attachment by

1. Rule 6 of the Supreme Court Rules encompasses questions certified by a bankruptcy judge. *In re Shepard Co.,* 115 R.I. 290, 342 A.2d 918 (1975).

2. 11 U.S.C.A. § 522(b)(2)(B) (West 1979) provides in pertinent part:
"(b) Notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate * * *

" * * *
"(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.*" (Emphasis added.)

conveying the property to a third party. Based on fundamental priority rules, the result of such a conveyance is that the third party takes subject to the attachment.[3] In the present case the property attached is the husband's interest in a tenancy by the entirety. However, we feel that this fact does not change the applicability of the rule just enunciated, namely, that an attachment is not defeated by a conveyance of the property. Therefore, in response to the first question certified, we decide that the attachment is not defeated as the third-party grantee takes subject to the attachment lien. In response to the second question certified, we again decide that the attachment is not defeated as the wife takes subject to the attachment lien.

■ In *Cull v. Vadnais*, R.I., 406 A.2d 1241 (1979), we held that a creditor had the right to attach a debtor-spouse's interest in real property held as tenancy by the entirety.[4] We further stated that the contingent interest of the debtor-spouse, though sufficient to sustain a prejudgment attachment, was not subject to levy and sale by execution. In such a case the attachment previously placed could be levied and implemented by execution if the debtor spouse survives the nondebtor spouse. However, if the nondebtor spouse survives, he or she would take free and clear of the attachment, which would then be of no further

force and effect. *Knibb v. Security Insurance Co. of New Haven*, 121 R.I. 406, 399 A.2d 1214 (1979).

■ As a result of today's holding and our holdings in *Cull* and *Knibb*, we anticipate the following potential problem to arise: General Laws 1956 (1969 Reenactment) § 9–25–23, as amended by P.L.1982, ch. 130, § 1, provides that an execution must be levied within one year after the date of judgment, otherwise the attachment will be discharged. If the execution is stayed, the one-year period will not begin to run until the stay has been lifted.[5] In the present case, it may be argued that the attachment will be discharged unless the execution is stayed or the nondebtor spouse dies within one year after the date of the judgment. To remedy this anticipated problem, we hold that in cases of attachment of an interest in a tenancy by the entirety, levy and execution are in effect stayed by operation of law. Therefore, the one-year period will not begin to run until the legal inhibition upon levy and execution is lifted, namely, upon the death of the nondebtor spouse.[6]

We have examined the other contentions put forth by the debtor and find that they do not fall within the purview of the questions certified to this court but rather concern questions of federal bankruptcy law.

**3.** However, G.L.1956 (1969 Reenactment) § 34–11–33 does give the grantee a possible cause of action against the conveying debtor. The statute reads:

"Liability on covenant against incumbrances.—Whoever hereafter conveys real estate by deed or mortgage containing a covenant that it is free from all incumbrances when an incumbrance appears of record to exist thereon, whether known or unknown to him, shall be liable in an action of the case to the grantee, his heirs, executors, administrators, successors or assigns, for all damages and expenses sustained by reason of or in removing the same."

**4.** Contrary to what the debtor contends, we did not decide in *Cull v. Vadnais*, R.I., 406 A.2d 1241 (1979), explicitly or implicitly, that a debtor could destroy an attachment of entirety property by a conveyance.

**5.** General Laws 1956 (1969 Reenactment) § 9–25–23, as amended by P.L.1982, ch. 130, § 1 provides: "Execution against attached property.—Whenever final judgment or decree shall be rendered for the plaintiff in any action or suit in which a writ was served attaching real estate, or goods and chattels, or stock or shares in any incorporated company, the execution issued on such judgment or decree shall be levied on the property so attached, as soon as may be; but if execution shall not be so levied within one (1) year from the day of entry of judgment or decree, the property attached shall be discharged of such attachment. In computing the periods of time provided in this section, time during which execution is stayed shall not be included."

**6.** Obviously, our decision concerning the one-year rule only applies to attachments procured from state courts.

For this reason, we do not address those contentions. *See* 17 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction § 4248 at 529 (1978).

In conclusion, we answer both questions in the negative by finding that a valid attachment of a spouse's interest in a tenancy by the entirety cannot be defeated by a joint conveyance of the property or by a conveyance of the husband's interest to the wife.