In re Albert W. DANELLA, Alias Albert Danella and Joan E. Danella, Alias Joan Danella, Debtors.

Albert W. DANELLA and Joan E. Danella, Plaintiffs,

v.

KENNEY BUILDER PRODUCTS CO., Defendant.

Albert W. DANELLA and Joan E. Danella, Plaintiffs,

v.

Robert LAPRADE, Defendant.

Albert W. DANELLA and Joan E. Danella, Plaintiffs,

v.

UNITED BUILDERS SUPPLY, INC., Defendant.

Bankruptcy No. 8400183.

United States Bankruptcy Court, D. Rhode Island.

Sept. 6, 1984.

Kevin A. Hackman, Warwick, R.I., for debtors.

Charles C. Dupre, Coventry, R.I., for Kenney Builder Products Co.

Roderick A.J. Cavanagh, Wakefield, R.I., for Robert LaPrade.

H. Frances Kleiner, Adler, Pollock & Sheehan, Inc., Providence, R.I., for United Builders Supply, Inc.

## DECISION ON DEBTORS' MOTIONS TO AVOID JUDICIAL LIENS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The debtors, Albert and Joan Danella, filed a joint Chapter 7 petition on March 22, 1984. In these motions, pursuant to the lien avoidance provisions of 11 U.S.C. § 522(f), they seek to avoid three judicial liens on their home. The objecting lienholders, Kenney Builder Products Co., Robert LaPrade, and United Builders Supply, Inc., agree that the debtors' residence qualifies as exempt property under 11 U.S.C. §§ 522(b) and 522(d)(1), and that the amount subject to exemption is $15,000. They contend, for various reasons, however, that section 522(f)(1) does not affect their liens.

■ Section 522(f) of the Bankruptcy Reform Act provides that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [522(b)]." For the reasons discussed below, we conclude that the LaPrade lien is unaffected by § 522(f), but that the liens of Kenney Builder Products Co. and United Builders Supply, Inc. are avoidable under this section.

■ Beginning with LaPrade, our analysis requires the establishment of the date on which the lien took effect.[1] LaPrade placed an attachment on the debtors' property on October 17, 1978, but judgment was not entered until March 25, 1981. Under Rhode Island law the subsequent judgment does not create a new or separate lien, but "relates back to the time when the attachment was made." *Smart v. Burgess*, 35 R.I. 149, 155, 85 A. 742 (1913); *see Everett v. Cutler Mills*, 52 R.I. 330, 160 A. 924 (1932); *Doyle v. Heath*, 22 R.I. 213, 47 A. 213 (1900). The lien in question, therefore, became fixed as of the original attachment date. *See Suppa v. Capalbo (In re Suppa)*, 8 B.R. 720 (Bankr.D.R.I.1981); *In re Gibbons*, 459 A.2d 938 (R.I.1983). Because the enactment date of the Bankruptcy Reform Act was November 6, 1978, effective October 1, 1979, the application of § 522 to avoid an October 1978 lien would unconstitutionally, and in violation of fifth amendment due process requirements, deprive LaPrade of his previously established interest in the debtors' property. *See United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) (section 522 was not intended to be applied retroactively to destroy *pre-enactment* property rights).

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

The Kenney Builders lien is different. On May 1, 1979, Kenney levied an execution on the debtors' property based on a Rhode Island state court judgment. Here, we are concerned with the constitutionality of avoiding a lien created during the so-called "gap period"—that period after enactment of the Code (November 6, 1978), but before its effective date (October 1, 1979). This Court has previously held that creditors acquiring liens during the gap period are not entitled to fifth amendment protection, because those liens were acquired with notice of the future effect of the Act. *See Lumpkins v. Beneficial Finance Co. (In re Lumpkins)*, 11 B.R. 76 (Bankr.D.R.I.1981). Most courts, including three courts of appeals, have reached the same conclusion and have held § 522(f) applicable to liens created before the Code became effective, but after its enactment date. *See, e.g., In re Ashe*, 712 F.2d 864 (3rd Cir.1983); *In re Groves*, 707 F.2d 451 (10th Cir.1983); *In re Webber*, 674 F.2d 796 (9th Cir.1982), *cert. denied*, 459 U.S. 1086, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982); *Slater v. Household Finance Corp. (In re Slater)*, 19 B.R. 954 (Bankr.D.Md.1982); *Thorp Credit and Thrift Co. v. Pommerer (In re Pommerer)*, 10 B.R. 935 (Bankr.D. Minn.1981). Accordingly, the lien of Kenney Builders may be avoided pursuant to the provisions of § 522(f).

With respect to the United Builders lien, the debtors' property was attached on May 8, 1980, with judgment entered February 1, 1984. It is undisputed that the judgment lien in question post-dates the effective date of the Bankruptcy Code. United argues, however, that § 522(f)(1) does not apply to liens which are fixed prior to the filing of a petition in bankruptcy. This argument rests on the phrasing of § 522(f) that a debtor may avoid "the fixing of a lien." Based upon the present verb tense *"fixing,"* United contends that § 522(f) may not apply to a lien that is already *"fixed."* Whatever novel or intellectual appeal this argument may contain, it has been made previously and rejected, on the ground that it would be a complete judicial distortion of congressional intent and common sense to limit the application of § 522(f) to only those liens fixed simultaneous with the filing of the bankruptcy petition. *See Lumpkins v. Apex, Inc. (In re Lumpkins)*, 12 B.R. 44 (Bankr.D.R.I. 1981). United offers, and we are aware of, no authority to support the notion that § 522 includes the time constriction suggested in its argument. Indeed, in other instances where Congress has imposed time restrictions, they are explicit, i.e., the 90 day preference provisions of § 547(b). In contrast, section 522 and its legislative history are silent with respect to time; neither provides even the slightest support for United's contention that § 522(f) excludes liens which have been "fixed" prior to the filing.

Section 522(f) was enacted to protect debtors' exemptions, their discharge, and their "fresh start." *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), U.S. Code Cong & Admin.News 1978, p. 5787. Because it is basic to the concept of a debtor's rehabilitation, property subject to exemption is safeguarded by § 522(f); and in reference to exempt property, the House Report states that "[t]he debtor may avoid *any* judicial lien." H.R.Rep., *supra*, at 126, U.S.Code Cong. & Admin.News 1978, p. 6087 (emphasis added).

Moreover, all the case law on the subject controverts, either directly or by implication, the position taken by United. *See, e.g., United States v. Security Industrial Bank, supra; In re Ashe, supra; Fitzgerald v. Davis (In re Fitzgerald)*, 29 B.R. 41 (Bankr.E.D.Va.1983); *Brown v. Dellinger (In re Brown)*, 22 B.R. 844 (Bankr.N.D.N. Y.1982); *Dotson v. Bradford (In re Bradford)*, 5 B.R. 18 (Bankr.D.Nev.1980). To infer, as United suggests, that § 522(f) relates only to liens being fixed at the same instant the debtor has his/her petition file marked, would render the lien avoidance section meaningless.

Accordingly, for the reasons discussed, the lien of Robert LaPrade is unaffected, and the liens held by Kenney Builder Products Co. and United Builders Supply, Inc.,

are avoidable to the extent they impair the debtors' equity.

Enter judgment accordingly.