**In re John ARMSTRONG, Debtor.**

**Bankruptcy No. 8000637.**

United States Bankruptcy Court,
D. Rhode Island.

April 24, 1985.

Edward F. St. Onge, Johnston, R.I., for debtor.

S. Paul Ryan Warwick, R.I., for Hartford Nat. Bank.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

■ Heard on the debtor's motion to avoid a judicial lien[1] against his home, pursuant to the provisions of § 522(f).[2] This statute allows the debtor to claim an exemption in his principal residence up to $7,500. The objecting lienholder, Hartford National Bank, contends, however, that the § 522(f) avoidance provisions do not apply in this case on the ground that their lien is a pre-enactment property right.[3] We disagree with the Bank's reasoning, and conclude that the lien in question may be avoided in full, on the facts[4] and for the reasons given below.

On February 11, 1976, the Bank obtained judgment against the debtor in the amount of $1,054. Execution issued and was forwarded on February 19, 1976 to a sheriff who was unable to locate the defendant, and who subsequently lost the execution. It was not until October 4, 1979, several years later, that execution was finally levied against the debtor's property. In the interim (between the time judgment was entered and execution was levied) the Bankruptcy Reform Act of 1978 was enacted on November 6, 1978, including the lien avoidance provisions in question, which apply to all judicial liens created after that date.

The Bank argues, nevertheless, that its October 1979 execution relates back to the date it obtained its judgment, and that the lien is effective as of February 11, 1976, prior to the enactment of the Bankruptcy Reform Act. Under the Bank's "relation back" theory, avoidance of its lien would violate Fifth Amendment due process requirements, because § 522 was not intended to apply retroactively, or to affect *pre-enactment* property rights. *See United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982); *In re Danella,* 42 B.R. 268 (Bankr. D.R.I.1984). *See also Louisville Joint*

---

**1.** On December 6, 1984, on the debtor's Motion to Reopen, we granted the relief requested. *See In re Stephenson,* 19 B.R. 185 (Bankr.M.D.Tenn. 1982); *In re Newton,* 15 B.R. 640 (Bankr.W.D.N. Y.1981) (no time limit on debtor's motion to avoid liens pursuant to § 522(f)).

**2.** Section 522(f):
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien;
Section 522(d):
The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, ...

**3.** Section 522(f) was not intended to permit a debtor to invalidate property interests created prior to its enactment: "in the absence of an explicit command from Congress," "[no] bankruptcy law shall be construed to eliminate property rights which existed before the law was enacted." *United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 414, 74 L.Ed.2d 235 (1982).

**4.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rules 7052 and 9014.

*Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) (the bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation).

The Bank's "relation back" argument, although imaginative, runs afoul of our State law on the subject. The Bank concedes that "the case law in Rhode Island is silent as to whether the judgment lien relates back to the date the judgment entered," Bank's Supplemental Memorandum at 2, and has not offered, nor have we found, support for such proposition under Rhode Island statutory law.[5]

 Although Rhode Island does have a "relation back" rule regarding pre-judgment attachments, there is no similar rule to cause a delayed execution to relate back to the date of judgment. In Rhode Island, a subsequent judgment does not create a new lien but instead "relates back to the time when the attachment was made." *Smart v. Burgess,* 35 R.I. 149, 155, 85 A. 742 (1913). There is a logical basis for fixing a lien as of the attachment date, because it is on the date of attachment that the creditor first acquires a specific interest in property. In contrast, a judgment alone, which creates no rights in any specific property of the debtor, leaves nothing for a subsequent attachment or levy to relate back to. *Cf. In re Ashe,* 712 F.2d 864 (3rd Cir.1983) (non-specific judicial liens are not regarded as a constitutionally vested property interests).

 We see no similarity between a pre-judgment attachment and a post-judgment execution which suggests that such executions should relate back to the judgment date, and hold, therefore, that the effective date of the lien in question is the date of execution, October 4, 1979—the first date on which the creditor acquired any specific

rights in the debtor's property. Accordingly, the debtor may avoid the lien of Hartford National Bank in the amount of $1,054.

Enter Judgment accordingly.

---

5. Contrary to the Bank's position, Rhode Island statutory law indicates that the date of judgment is irrelevant in determining priority among lienholders. R.I.GEN.LAWS § 9–26–31 provides in pertinent part:

> 9–26–31. Priority of levies.—In all levies on execution upon real estate, ... he who shall first procure the attachment, if any, or, if there be no attachment, he who shall first procure levy to be made, shall be entitled to have his debt or damages satisfied before any other demand for which the same may be subsequently attached, or levied on by execution, at the suit of any other person; and all others in order of their attachments of levies, as aforesaid.