**In re M & G BUILDERS, INC., Debtor.**

**Bankruptcy No. 91–12321.**

United States Bankruptcy Court,
D. Rhode Island.

March 23, 1994.

Mark G. Sylvia, Salter, McGowan, Swartz & Holden, Inc., Providence, RI, for Trustee.

Neill B. Lyon, Hodosh & Lyon, Warwick, RI, for Arrow Plumbing.

Timothy Dodd, Providence, RI, for debtor.

Michael J. Mulcahy, Skolnik, McIntyre & Tate, Ltd., Providence, RI, for Joseph Mulcahy.

*ORDER*

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the Chapter 7 Trustee's Application for authority to distribute $15,444.14 to Arrow Plumbing and Heating, a

---

judgment creditor, after payment of his 11 U.S.C. § 506(c) administrative expense claim. The Debtor and Joseph F. Mulcahy, also a judgment creditor, object on the ground that Arrow's judicial lien is avoidable as a preference under 11 U.S.C. § 547.

On April 24, 1991, a consent judgment was entered against M & G Builders in favor of Arrow Plumbing, in the amount of $21,-138.67. On May 21, 1991, the Providence County Superior Court allowed Arrow's ex-parte, post-judgment writ of attachment to issue against one of M & G's bank accounts standing in the names of James Paolino and Timothy Dodd, as co-trustees for M & G Builders.[1] On May 23, 1991, Arrow effected service of a writ of attachment upon the co-trustees, and after a hearing on June 5, 1991 in the Providence County Superior Court Judge Gagnon, rejecting M & G's arguments, ordered the attachment to remain in full force and effect. Subsequently, M & G filed a petition for writ of certiorari with the Rhode Island Supreme Court, which was denied on July 23, 1991. On September 9, 1991, M & G filed for relief under Chapter 7 of the Bankruptcy Code.

The Objectors contend that the operative date of perfection in this instance is the date the court finally authorizes the attachment, and not the date the writ of attachment is served. They argue that Arrow's attachment did not become finally authorized until July 23, 1991, when the Rhode Island Supreme Court denied certiorari, and that there is no relation back to the original date the writ of attachment was served. Therefore, the objectors argue, the attachment became perfected within the ninety day preference period, under 11 U.S.C. § 547, and is therefore voidable.

The Trustee contends that the date of service is the operative date, and that subsequent court rulings relate back to the original date of service. According to the Trustee, Arrow's attachment became effective on May 23, 1991, and is therefore outside the

ninety day preference period. In the alternative, the Trustee argues that June 5, 1991, the date Judge Gagnon ordered the attachment to remain in effect, is the absolute latest date we should consider for purposes of determining when the attachment became perfected.

■ We conclude that Arrow's attachment was perfected outside the ninety day preference period. The procedure for obtaining an attachment lien is governed by R.I.Gen.Laws § 10–5–2 which states in part:

> (a) A court having jurisdiction over a defendant or his assets, including his personal estate or real estate, may authorize a plaintiff to attach same, or any part thereof, after hearing on a motion to attach, notice of which has been given to the defendant as herein provided.

R.I.Gen.Laws § 10–5–2 (Supp.1993). An attachment is perfected once it is properly served, and any subsequent court approval of the attachment relates back to the original date of service. *Cf. In re Danella,* 42 B.R. 268 (Bankr.D.R.I.1984) and *In re Suppa,* 8 B.R. 720 (Bankr.D.R.I.1981) (holding that under Rhode Island law a judgment relates back to the date of a pre-judgment attachment and the lien becomes fixed as of the original attachment date). In the instant case, the attachment was properly served on May 23, 1991, and that is the date the lien became effective.[2] Because these dates are both outside the ninety day preference period, Arrow has a valid lien on the funds in question. The Objectors have provided no authority for the argument that the filing of a petition for writ of certiorari would somehow change this effective date, and their objections are overruled.

Accordingly, the Trustee's Application is GRANTED, he is allowed an administrative claim under 11 U.S.C. § 506(c) in the amount $1,583.79, and he is authorized to pay the balance, $13,860.35 to Arrow Plumbing.

---

1. The $15,444.14 currently held by the Trustee is the proceeds of the Trustee's liquidation of the account, subject to Arrow's attachment.

2. For possible appellate purposes only, we find (alternatively, and admittedly inconsistently) that the very latest the attachment could have been perfected is June 5, 1991, the date Judge Gagnon authorized the writ of attachment.

Enter Judgment consistent with this opinion.