**In re George E. GIBBONS, Debtor.**

**Bankruptcy No. 8100702.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 5, 1982.

**374**

Thomas W. Kelly, Newport, for creditor, Donna Parkinson.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for debtor.

Jason Monzack, Halpert & Scoliard, Providence, Trustee.

## DECISION ALLOWING DEBTOR'S CLAIM OF EXEMPTION IN PROPERTY HELD AS TENANT BY THE ENTIRETY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The question raised by the Creditor, Donna Parkinson's objection to the Debtor's claim of exempt property is whether a Debtor/spouse's interest in real estate held as tenants by the entirety may be claimed as exempt under 11 U.S.C. § 522(b)(2)(B).

The Debtor filed a Chapter 7 petition on August 31, 1981, and among his scheduled assets is a one-family house located at 9 Balsam Avenue in Newport, Rhode Island. The Debtor and his wife, Toni E. Gibbons, own the property as tenants by the entirety. Toni Gibbons did not join in the petition, and is not before the Court. Pursuant to § 522(b), the Debtor claims those exemptions allowed under Rhode Island law, R.I. Gen.Laws § 9–26–4, plus his entirety interest in the Balsam Avenue real estate. Section 522(b)(2)(B)[1] allows an exemption in realty to the extent that the Debtor's interest is "exempt from process" under state law.

Under Rhode Island law, a tenancy by the entirety is not subject to levy on execution based upon a judgment against one spouse. *Bloomfield v. Brown,* 67 R.I. 452, 25 A.2d 354 (1942). Such an interest is, however, legally sufficient to support a valid attachment.[2] *Cull v. Vadnais,* R.I., 406 A.2d 1241 (1979). If the "husband and wife do not convey their property before one spouse dies, and if the debtor/spouse survives the death of the other spouse, the creditor may enforce the prior attachment pursuant to an active, unsatisfied judgment, thus compelling the entirety property to be sold on an execution." *Cull,* at 1246. The Creditor in this case argues that property held by the entirety is not exempt from process, because it may be attached.

The term "exempt from process" is not defined by the Bankruptcy Code, nor is it

---

1. 11 U.S.C. § 522. Exemptions.

. . . .

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .

. . . .

(B) any interest in property which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law.

2. The creditor's right to attach entirety property is couched in the broad statutory language of R.I. Gen.Laws § 10–5–9, which allows attachment of any "real estate, or the right, title and interest of any defendant therein . . ." See *Cull, supra.*

discussed in the relevant legislative history.[3] Nevertheless, as I perceive it, the rationale for the passage of § 522(b)(2)(B) is to preserve the debtor's interest in entirety property, where local law affords such protection. In this regard, bankruptcy courts in states which do not permit a creditor of one spouse to reach an entirety estate, consistently recognize the debtor's right to exempt such property. *In re Thomas*, 14 B.R. 423 (Bkrtcy N.D.Ohio 1981); *Bass v. Thacker (In re Thacker)*, 5 B.R. 592 (Bkrtcy.W.D.Va. 1980); *In re Ford*, 3 B.R. 559 (Bkrtcy.D.Md. 1980). Similarly, those decisions which have not permitted debtors to exempt property held by the entirety appear to be based on state law which allows creditors *to levy* on some portion of the entirety interest. See *In re Weiss*, 4 B.R. 327 (Bkrtcy S.D.N.Y.1980); *Waldschmidt v. Shaw (In re Shaw)*, 5 B.R. 107 (Bkrtcy M.D.Tenn.1980) holding that only a debtor's present right to possession can be exempted, because creditors can levy upon and sell the survivorship interest in entirety property.

■ A case arising under Rhode Island law does not fit easily into either line of cases, because attachment (based on one spouse's debt) of the entirety estate is permitted, but levy is not. See *Cull, supra*. Nevertheless, I conclude that the main difference between those cases which allow the exemption and those that do not, is whether the creditor has the immediate right to levy on the property. *In re Ford*, 3 B.R. at 573. An attaching creditor in Rhode Island has, at best, an inchoate and/or contingent right to levy at some point in the future. A creditor's right to levy *may* be extinguished if the spouses convey their interest to a third party,[4] or if the debtor predeceases his/her spouse. This contingent/future right to levy does not constitute a sufficient interest to deprive a debtor of the § 522(b)(2)(B) exemption.

Accordingly, the objection to the claimed exemption is overruled.

---

**3.** See Footnote No. 2, *supra*; H.R.Rep.No.95–959, 95th Cong., 1st Sess. (1977) 360–1 U.S. Code Cong. & Admin.News 1978, p. 5787 simply reiterates the statutory language.

**4.** The R.I. Supreme Court in *Cull v. Vadnais, supra*, mentions the possibility of terminating an attachment by conveyance, but did not rule on this issue.