**In re Isadore S.J. FURKES, Debtor.**

Civ. A. No. 85–0687–S.
Bankruptcy No. 84–00326.

United States District Court,
D. Rhode Island.

Sept. 23, 1986.

Sheffield & Harvey, William R. Harvey, Dennis J. Shea, G. Quentin Anthony, Jr., Newport, R.I., for debtor.

Boyajian, Coleman & Richardson, John Boyajian, Andrew S. Richardson, Providence, R.I., for trustee.

Temkin & Miller, Barry J. Kusinitz, Providence, R.I., for Shawmut Nat. Bank.

Joseph M. Hall, Newport, R.I., for Island Bridge Corp.

Hinckley & Allen Mark B. Heffner, Providence, R.I., for Citizens Union Bank.

Kathleen Lanphear, Allan E. Hanson, Providence, R.I., for U.S. Small Business Admin.

## MEMORANDUM AND ORDER

SELYA, District Judge.

■ Isadore S.J. Furkes, the bankrupt herein, appeals from an order of the federal bankruptcy court for the District of Rhode Island (Votolato, J.). This court entertains the instant appeal pursuant to the jurisdiction conferred by 28 U.S.C. § 158(a). The extent of review is governed by Rule 8013 of the Bankruptcy Rules, which provides in relevant part that "[o]n an appeal, the district court ... may affirm, modify or reverse a bankruptcy court's judgment, order or decree...." Where, as here, purely legal questions are presented on a bankruptcy appeal, no special deference is owed to the decision below. *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985); *In re Roco Corporation*, 64 B.R. 499, 500–01 (D.R.I. 1986).

### I.

The travel of the case can, insofar as it is pertinent to this appeal, be recounted succinctly. The cause originated in May of 1984 with Furkes's filing of a Chapter 7 bankruptcy petition. During the course of the ensuing proceedings, Furkes claimed an exemption for his interest in a single family dwelling and lot located at 12 Dudley Avenue in Newport, Rhode Island (the subject property). Furkes owned the subject property with his wife, Ann Furkes, as tenants by the entirety. He sought to shelter it from the claims of the bankruptcy estate's creditors under a Rhode Island property exemption. It should be noted at this juncture that federal bankruptcy law provides that "an individual debtor may exempt from property of the estate ... any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest ... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B).

The bankruptcy court, relying on its decision in *In re Gibbons*, 52 B.R. 861 (Bankr. D.R.I.1985) (*Gibbons V*)[1], denied the claimed exemption and held Furkes's interest in the entireties property to be part and parcel of the bankruptcy estate. *In re Furkes*, Bankr. No. 84–00326, Order (Bankr.D.R.I. Sept. 17, 1985). Accordingly, Judge Votolato ruled that, pursuant to 11 U.S.C. § 363(h),[2] the trustee in bankruptcy could properly administer the estate by, inter alia, effecting a "sale of the estate's interest in property held as tenants by the entirety." *Id.* In a footnote to the order, the judge intimated that "the trustee may sell both the estate's interest and the interest of the non-debtor spouse" in the entire-

---

[1] For a complete history of the litigation culminating in *Gibbons V, see In re Gibbons*, C.A. No. 84–0113–B, Order (D.R.I. Dec. 21, 1984) (*Gibbons IV*); *In re Gibbons*, 459 A.2d 938 (R.I.1983) (*Gibbons III*); *In re Gibbons*, No. 82–9012, Certification Order (Bankr. 1st Cir., July 17, 1982) (*Gibbons II*); *In re Gibbons*, 17 B.R. 373 (Bankr. D.R.I.1982) (*Gibbons I*).

[2] Under 11 U.S.C. § 363(h), the trustee may sell both the estate's interest and the interest of the non-debtor spouse in property held as tenants by the entirety, if:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

ties property, so long as the conditions of § 363(h) are fulfilled. *Id.* at n. 1.

A copy of the September 17, 1985 order is annexed hereto as Appendix A. Although the language is somewhat oblique, the reference to 11 U.S.C. § 363(h), quoted *ante* n. 2, and the bankruptcy court's footnote, positioned as they are, convey the distinct impression that the bankruptcy court, in issuing the order, contemplated the sale of the *combined* interests of the debtor and non-debtor spouses on a current basis. This is exactly how all of the litigants have interpreted the ruling, and creates the backdrop for the present proceeding.[3]

The parties to this appeal concede that *Gibbons V* and its precursors foreclose any claim by Furkes that his entireties property should be altogether "exempt from process" under 11 U.S.C. § 522(b)(2)(B). What remained for the bankruptcy judge to define were the boundaries of whatever process may, under Rhode Island law, avail against the tenancy. He did so by means of the September 17, 1985 order. *See* text *ante* & Appendix A. Furkes, being dissatisfied with the lower court's cartography, has now passed the selfsame torch to this court.

## II.

Courts construing the scope of 11 U.S.C. § 541(a) have uniformly held that a debtor's undivided interest in a tenancy by the entirety is included in his estate in bankruptcy, as are all of his legal and equitable property interests. *See, e.g., In re Ford,* 3 B.R. 559 (Bankr.D.Md.1980), *aff'd per curiam,* 638 F.2d 14 (4th Cir.1981). It is, however, the province of state (rather than federal) law to determine the nature and extent of a debtor's property interests. As the Supreme Court observed in *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), "[p]roperty

interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Accord In re Abdallah,* 39 B.R. 384, 386 (Bankr.D.Mass.1984). A fortiori, the property interests of the bankrupt estate must likewise be subjected to state law scrutiny. Accordingly, this court must apply Rhode Island law to sculpt the contours of whatever interest the bankrupt estate has in property held by Furkes and his spouse as tenants by the entirety.

This case is, as *Butner* teaches, set in a fairly typical mold. What causes the skein to tangle is the unusual treatment which Rhode Island law accords to tenancies by the entirety. Though Rhode Island has long recognized the common law tenancy by the entirety, *see, e.g., Bloomfield v. Brown,* 67 R.I. 452, 25 A.2d 354, 356 (1942), inconsistent signals have emanated from time to time as to the susceptibility of such an estate to the claims of a creditor of but one spouse. Bottomed on the ancient fiction that husband and wife are one, tenants by the entirety hold per tout et non per my. *Van Ausdall v. Van Ausdall,* 48 R.I. 106, 135 A. 850, 851 (1927). In other words, each party holds all of the property—yet neither holds a separate or divisible share. The result is that neither spouse can dispose of his/her interest without the other's acquiescence and consent. *See* 4 Thompson, Real Property § 1784 at 61–64 (1979).

Rhode Island has, however, applied a special twist to the art form. While preserving the immunity of tenancies by the entirety against levy and sale of the realty on an execution of judgment against one spouse alone, *e.g., Bloomfield v. Brown,* 25 A.2d at 358, the state courts have pared back this protection to allow for prejudg-

---

**3.** Like any nisi prius court, the bankruptcy court speaks to an appellate tribunal "primarily through its decrees." *Advance Financial Corp. v. Isla Rica Sales, Inc.,* 747 F.2d 21, 26 (1st Cir.1984). It is certainly possible, given the somewhat amphibolous phraseology of the or-

der, that the bankruptcy judge may not have intended to go so far. Nevertheless, it now falls to this court, at the very least, to dispel the confusion left in the wake of an infelicitously phrased order.

ment attachment of entireties property. *See Cull v. Vadnais*, 122 R.I. 249, 406 A.2d 1241, 1245 (1979).

It was *Cull* which, in a real sense, provided the legal understructure for the holding in *Gibbons V*. Having found that a tenancy by the entirety is subject to attachment and that attachment is a form of process, the bankruptcy court concluded that an interest in a tenancy by the entirety could not be exempted from the estate pursuant to 11 U.S.C. § 522(b)(2)(B). Such an ipse dixit is literally correct—but its reach may be more limited than was·recognized below. The argument that the absence of exemption equates with the ability immediately to levy and to realize rests on the circular premise that, if property is subject to *any* process, it must for that reason be subject to *all* process in precisely the same way. A fair reading of § 522(b)(2)(B) will simply not sustain such a rigid view of the availability of state law exemptions in bankruptcy proceedings. The spectrum is not composed of blacks and whites alone, but comprises various shades of gray as well.

An appropriately emphasized restatement of § 522(b)(2)(B)'s terms makes it abundantly clear that the state law exemption inquiry cannot be cast as an all-or-nothing proposition:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
>
> any interest in property in which the debtor had immediately before the commencement of the case, an interest as a tenant by the entirety ... *to the extent that such interest ... is exempt from process under applicable nonbankruptcy law.*

11 U.S.C. § 522(b)(2)(B) (emphasis added).

The "to the extent that" clause cannot be seen as some sort of legislative slip of the pen. That language appears to contemplate the very kind of state law scheme which obtains in Rhode Island—namely, one where property interests (here, tenancies by the entirety) are subject to some, though not all, kinds of "process." It seems reasonable to conclude that, had Congress intended "exempt[ion] from process" to be an all-or-nothing proposition, it would have drafted the statutory language more infrangibly—as it notably did with other exemptions, say, those limned by 11 U.S.C. § 522(b)(1).[4]

■ It is settled law in Rhode Island that a tenancy by the entirety is subject to attachment, but not to levy and sale. In effect, such a tenancy is insulated from satisfaction of a creditor's judgment unless and until the debtor spouse outlives the non-debtor spouse. Should the latter survive, "he or she would take free and clear of the attachment, which would then be of no further force and effect." *Gibbons III*, 459 A.2d 940. And, though it may seem arcane or even anomalous to apply that law in the bankruptcy milieu, the court is required (by 11 U.S.C. § 522(b)(2)(B)) to do precisely that. Inasmuch as Rhode Island law, which measures the nature of the property interest, immunizes tenancies by the entirety from the grasp (but not the reach) of a creditor until such time as the debtor outlives the non-debtor spouse, the appellant is entitled to a § 522(b)(2)(B) exemption for his Dudley Avenue property to this limited extent. The attachment may stand, but immediate levy may not go forward. If and when Furkes has survived his wife, "creditor[s] may enforce [the] attachment pursuant to an active, unsatisfied judgment, thus compelling the entirety property to be sold on an execution." *Cull v. Vadnais*, 406 A.2d at 1246. And, if Furkes's time upon this mortal coil proves shorter lived than that of his spouse, then levy upon attachment will be forever barred.

---

**4.** Section 522(b)(1) provides that:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...

> .... property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize....

To uphold the decree of the bankruptcy court as the same has been interpreted by these litigants would empower the trustee to sell the debtor's interest in the entireties property, or pursuant to 11 U.S.C. § 363(h), to sell the entire tenancy. Such a ruling would effectively gut the concept of a tenancy by the entirety by converting it into a species of joint tenancy, and would pierce the protections which are afforded by Rhode Island law. There is no principled way in which that result can be upheld. The attachment itself may stand, *see Gibbons V*, and the attaching creditor may, of course, sell the contingent future expectancy interest which the attachment entails (if anyone can be persuaded to purchase it)— but neither the realty nor Furkes's interest therein can currently be sold by levy. The interest of the non-debtor spouse remains, for the time being, beyond the grasp of the creditor's process.

Accordingly, the decree and judgment appealed from are *modified* to conform to the teachings hereof, and as so modified, they are *affirmed.*

So ordered.

## APPENDIX A

In re ISADORE S.J. FURKES, Debtor.

BK No. 8400326
UNITED STATES
BANKRUPTCY COURT

FOR THE DISTRICT OF
RHODE ISLAND

## ORDER

Heard on objections by the trustee and Shawmut National Bank of Bristol County to the debtor's claimed exemption in property at 12 Dudley Avenue, Newport, Rhode Island, held as tenants by the entirety. The debtor has elected the state exemption provision of 11 U.S.C. § 522(b)(2)(B), and contends that the trustee may not sell his interest in tenants by the entireties property, because such interest is "exempt from process" under Rhode Island law. The debtor's wife, Ann Furkes, did not join in the Chapter 7 petition.

This is the same issue raised recently and considered at length in *In re Gibbons*, [52 B.R. 861] BK No. 8100702, slip op. (Bankr. D.R.I. Sept. 13, 1985), (*Gibbons V*). For the reasons discussed therein, and which are applicable here, we conclude that entireties property is not exempt under 11 U.S.C. § 522(b)(2)(B), and that the debtor's interest therein is property of the estate.

Accordingly, the election of state exemptions by the debtor does not preclude the bankruptcy trustee from acting pursuant to 11 U.S.C. § 363(h),[1] with respect to the sale of the estate's interest in property held as tenants by the entirety.

Dated at Providence, Rhode Island this 17th day of September, 1985

/s/ Arthur N. Votolato, Jr.
Arthur N. Votolato, Jr.
Bankruptcy Judge

---

1. Under 11 U.S.C. § 363(h) the trustee may sell both the estate's interest and the interest of the non-debtor spouse in property held as tenants by the entirety, if:
   (1) partition in kind of such property among the estate and such co-owners is impracticable;
   (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
   (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
   (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.