In re Alfred **GASTONGUAY**, Debtor.

**Bankruptcy No. 8910578.**

United States Bankruptcy Court,
D. Rhode Island.

March 16, 1990.

---

Marc Wallick, Wallick & Paolino, Warwick, R.I., for debtor.

Thomas W. Pearlman, David Yavner, Pearlman, Vogel & Violet, Providence, R.I., for Mapleville Mini Mart, Inc.

Jason Monzak, Kirshenbaum & Kirshenbaum, Cranston, R.I., Trustee.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the motion of the debtor, Alfred Gastonguay, to avoid the lien of a creditor, Mapleville Mini Mart ("Mapleville"), pursuant to 11 U.S.C. § 522(f). After hearing on December 5, 1989, the parties were requested to submit memoranda addressing the issue of the debtor's claim of exemption in property held as tenants by the entirety,[1] vis-a-vis the applicability of lien avoidance under § 522(f). Mapleville, the creditor, has com-

---

entirety, is not a debtor before this Court.

plied with our request, but the debtor has not.

In light of the most recent guidance supplied by the United States District Court in *In re Furkes*, 65 B.R. 232 (D.R.I.1986), which most closely resembles the instant issue, we conclude that the debtor may not avoid the lien of Mapleville (under § 522(f)), or any other lien, for that matter, on property owned by the entirety. We base our decision on the holding in *In re Furkes*, *supra*, at 235, in which the District Court, Selya, J., held

> [i]nasmuch as Rhode Island law, which measures the nature of the property interest, immunizes tenancies by the entirety from the grasp (but not the reach) of a creditor until such time as the debtor outlives the non-debtor spouse, the appellant is entitled to a § 522(b)(2)(B) exemption for his Dudley Avenue property to this limited extent. The attachment may stand, but immediate levy may not go forward.

*Id.* at 235.

Although Furkes is not on all fours, factually, with the instant matter, it is the closest authority available, in our opinion, regarding an admittedly murky area of state/federal law, which has already gone through a tortuous trail of litigation via the *Gibbons* series.[2] Based upon what appears to be the controlling authority on this troublesome issue, it is ORDERED that the debtor's Motion to Avoid the Lien of Mapleville Mini Mart is DENIED. Furthermore, in conformity with the above ruling, our prior orders avoiding the liens of Arthur B. Richmond, and Rhode Island Hospital Trust National Bank, previously entered in the absence of any objection, (*see* Local Rules 10 and 11), are hereby VACATED, and the debtor's Motion to Avoid those Liens is also DENIED.

**2.** *See In re Gibbons*, 17 B.R. 373 (Bankr. D.R.I. 1982) (Gibbons I); *In re Gibbons*, No. 82–9012, Certification Order (Bankr. 1st Cir. July 17, 1982) (Gibbons II); *In re Gibbons*, 459 A.2d 938 (R.I.1983) (Gibbons III); *In re Gibbons*, C.A. No. 84–0113B, Order (D.R.I. Dec. 21, 1984) (Gibbons IV); *In re Gibbons*, 52 B.R. 861 (Bankr. D.R.I. 1985) (Gibbons V).