**In re Roland BOIS, Debtor.**

**In re Nil WHITTON, Debtor.**

**Bankruptcy Nos. 94–12258, 94–12259.**

United States Bankruptcy Court,
D. Rhode Island.

Jan. 19, 1996.

Andrew Richardson, Providence, RI, for Debtors.

Richard Mittleman, Providence, RI, for DEPCO.

William Delaney, Providence, RI, Chapter 7 Trustee for Roland Bois.

Marc Wallick, Warwick, RI, Chapter 7 Trustee for Nil Whitton.

*ORDER DISAPPROVING TRUSTEES' NOTICES OF INTENT TO TRANSFER DEBTORS' EXPECTANCY INTEREST*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

The Trustee[1] in each of the above captioned bankruptcy cases has filed a Notice of Intent to Transfer the Debtors' tenancy by entirety life expectancy interest to Rhode Island Depositors Economic Protection Corporation (DEPCO), each for $5,000. Both Debtors object. Because these cases are factually similar, and because the legal issues are identical, they were consolidated and scheduled for hearing on October 18, 1995. Both matters were taken under advisement, and after consideration of the applicable law, *and based upon the specific facts in these cases,* the Trustees' Notices of Intended Sale are DISAPPROVED.

## BACKGROUND

On September 28, 1994, Messrs. Bois and Whitton filed petitions under Chapter 7 of the Bankruptcy Code. On their Schedules of Real Property (Schedule A), each listed an ownership interest in real estate,[2] and that the property was "jointly held with [non-debtor] wife ... as tenants by the entirety." On their Schedules of Property Claimed as Exempt (Schedule C), the Debtors included the real estate described in Schedule A, and listed the equity in the properties as the value of their claimed exemptions.[3] The Section 341 meetings were held and concluded on October 25, 1994. No objections to the Debtors' claimed exemptions were filed by the November 24, 1994 deadline. *See* Fed. R.Bankr.P. 4003(b). On October 28, 1994, the Trustee in Bois filed his Report of no Distribution, and on November 23, 1994, a similar report was filed in Whitton. On December 15, 1994, Richard Mittleman, Esq., entered his appearance on behalf of DEPCO. No complaints to determine the dischargeability of debts or objecting to discharge were filed before the December 27, 1994 bar date. On January 10, 1995, orders were entered discharging the Chapter 7 Trustees and closing both estates as no asset cases.

On April 17, 1995, the Trustees filed motions to reopen both cases to administer assets—i.e., the contingent remainder expectancy interests of the Debtors in real estate owned as tenants by the entirety. On June 1, 1995, the motions to reopen were granted, on July 27, 1995, the Trustees filed notices of intent to transfer the above interests to DEPCO for $5,000 in each case, and on October 18, 1995, a hearing was held on the objection of both Debtors to the Trustees' notices of intended sale.

## DISCUSSION

■ If the procedural posture of these cases were not as it is, this would be an easy win for the Trustees under *In re Furkes*, 65 B.R. 232 (D.R.I.1986). However, given the facts that: (1) the Debtors plainly listed the entirety interests in their schedules; (2) there were no timely objections or challenges to the claimed exemptions; (3) the Trustees filed reports of no distribution; and (4) without objection, both cases were closed in the normal course, it is not within the authority of this Court (as much as we would prefer to do so) to undo all of the aforementioned procedural steps, to reach the desired result of allowing the transfers to DEPCO, thereby raising some money for creditors.

■ Since Judge Selya's ruling in *Furkes*, in September 1986, every Rhode Island bankruptcy practitioner and trustee knows, or should know, that in a bankruptcy-related tenancy by the entirety situation, there exists a contingent future expectancy interest that is subject to attachment (but not levy) by creditors, and that said interest may be sold by the attaching creditor, "if anyone can be persuaded to buy it." 65 B.R. at 236.

> In effect, such a tenancy is insulated from satisfaction of a creditor's judgment unless and until the Debtor's spouse outlives the non-debtor spouse.... The attachment

1. Matthew McGowan, Esq., served as the Chapter 7 trustee in both cases until September 21, 1995, when a conflict required his resignation. On September 25, 1995, William Delaney, Esq., was appointed as successor trustee in Bois, and Marc Wallick, Esq., was appointed in Whitton.

2. Whitton owns real estate located at 5 Edward Avenue, Slatersville, Rhode Island, and Bois listed property at 325 Greenville Road, North Smithfield, Rhode Island.

3. Whitton listed the value of his exemption as $78,000, and Bois listed the value of his as $89,600.

may stand, but immediate levy may not go forward. If and when ... [the debtor] has survived his wife, "creditor[s] may enforce [the] attachment pursuant to an active, unsatisfied judgment, thus compelling the entirety property to be sold on an execution."

*Id.* at 235 (*quoting Cull v. Vadnais,* 122 R.I. 249, 406 A.2d 1241, 1246 (1979)).

 The bankruptcy trustee, by virtue of his status as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1), is the attaching creditor of the debtor-spouse's interest in property held as tenants by the entirety, *see In re McConchie,* 94 B.R. 245, 249 (Bankr. D.Mass.1988); *In re Robbins,* 187 B.R. 400, 404–405 (Bankr.D.Mass.1995), and "[s]ince the trustee represents all of the unsecured creditors on whose behalf his attachable interest would be made, the amount of the attachment would be the equivalent of the total unsecured debt." *McConchie,* 94 B.R. at 249.

In the instant cases, both Trustees were on actual as well as constructive notice of these expectancy interests, but, inexplicably, neither one filed any objection to the Debtors' claimed exemptions. Both Trustees filed reports of no distribution closing these cases, and pursuant to 11 U.S.C. § 554(c) "any property scheduled under section 521(1) ... not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of Section 350 ...." There is not even the suggestion that either of these Debtors acted in bad faith or attempted to conceal assets. *See In re Yonikus,* 996 F.2d 866 (7th Cir.1993); *In re St. Angelo,* 189 B.R. 24 (Bankr.D.R.I. 1995). Accordingly, the inaction by the Trustees constitutes (inter alia) an abandonment of property of the estate which returned both expectancy interests to the Debtors. *See In re McGowan,* 95 B.R. 104, 105 (Bankr.N.D.Iowa 1988). Since neither Trustee has any present interest to sell in these cases, we must DENY both Notices of Intended Sale.

We emphasize, however, that these rulings and the results herein are confined specifically and narrowly to the facts of these cases.

Enter Judgment consistent with this order.