**In re Robert RYAN, Debtor.**

**No. 00–13425.**

United States Bankruptcy Court, D. Rhode Island.

July 25, 2001.

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtor.

Louis A. Geremia, Geremia & Demarco, Ltd., Providence, RI, Chapter 7 Trustee.

### DECISION AND ORDER

ARTHUR N. VOLOLATO, Bankruptcy Judge.

Heard on the Trustee's Notice of Sale proposing to sell a survivorship interest in the Debtor's real estate located at 10 Hen-

ry Drive, Barrington, Rhode Island, for $5,000. The Debtor objects on the ground that the Trustee has no interest to sell. Based on a wealth of Rhode Island authority on the subject,[1] and for the reasons set forth below, the Trustee's Notice of Sale is APPROVED.

### BACKGROUND

On October 5, 2000, Robert Ryan filed a Chapter 7 petition and on his Schedule A lists a one-half interest in his Barrington home, owned as tenants by the entirety with his non-debtor wife. Ryan places the value of the property at $250,000, with total encumbrances of $95,000, and claims that his one-half interest in the property is exempt up to the amount of $100,000 under R.I. Gen. Laws § 9–26–4.1.[2] On March 28, 2001, the Trustee filed a Notice of Sale, requesting authority to sell the Debtor's survivorship interest in the property for $5,000. The Debtor argues that there is no equity in the property beyond his exemption, that therefore the Trustee has nothing to sell, and that by trying to sell a valueless interest in exempt property, the Trustee is engaging in champerty. For the reasons discussed below, the Notice of Sale is APPROVED.

### DISCUSSION

The Debtor argues that once the $100,000 homestead exemption is taken into account, there is negative equity in his

---

1. See discussion infra at pages 4–5.

2. The relevant part of the statute provides:
   In addition to the property exempt from attachment as set forth in § 9–26–4, an estate of homestead to the extent of one hundred thousand dollars ($100,000) in the land and buildings may be acquired pursuant to this section by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise, and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of attachment, levy on execution and sale for payment of debts or legacies except in the following cases: . . .
   For the purposes of this section, an owner of a home shall include a . . . tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his or her family. . . .
   R.I. Gen. Laws § 9–26–4.1.

one-half interest, i.e., the market value of the property is $250,000 and the encumbrances total $95,000, leaving total equity of $155,000. He then argues that because he owns only one-half of the equity ($77,500), under Rhode Island law his $100,000 exemption easily covers his present tangible equity, as well as any contingent, future expectancy interest in the property. This argument is based entirely on the incorrect assumption that the Debtor's interest equals only $77,500. In *In re Strandberg*, where I ruled that "for the purpose of applying the lien avoidance formula in Section 522(f), the debtor's interest in tenancy by the entirety property should be valued at 100 percent." 253 B.R. 584, 589 (Bankr.D.R.I.2000). In *Strandberg*, the Debtor sought to avoid a judicial lien on a home owned as tenants by the entirety with his non-debtor spouse, claiming that the lien impaired his $100,000 state law homestead exemption. The debtor argued that for lien avoidance purposes his interest in the property should be counted at fifty percent of its value, based on his [alleged] one-half interest. Contrary to the Debtor's argument, however, under Rhode Island law regarding property owned as tenants by the entirety, " 'each party holds all of the property—yet neither holds a separate or divisible share' ". *Id.* (*quoting In re Furkes*, 65 B.R. 232, 234 (D.R.I.1986)). Applying that principle here, Ryan's interest in the property must be valued at 100%, as he holds all of the equity and not a separate or divisible share. Because the property has equity of $155,000, Ryan's claimed exemption of $100,000 does not cover every possible interest in the property, and the Trustee clearly has something to sell.

Clarifying the issue even further, I recently held that "in a bankruptcy related tenancy by the entirety situation, there exists a contingent future expectancy interest that is subject to attachment (but not levy) by creditors, and that said interest may be sold by the attaching creditor, 'if anyone can be persuaded to buy it.' " *In re Bois,* 191 B.R. 279, 280 (Bankr.D.R.I. 1996) (*quoting Furkes* 65 B.R. at 236).

> In effect, such a tenancy is insulated from satisfaction of a creditor's judgment unless and until the debtor spouse outlives the non-debtor spouse.... The attachment may stand, but immediate levy may not go forward. If and when ... [the debtor] has survived his wife, "creditor[s] may enforce [the] attachment pursuant to an active, unsatisfied judgment, thus compelling the entirety property to be sold on an execution."

*Furkes,* 65 B.R. at 235 (*quoting Cull v. Vadnais,* 122 R.I. 249, 406 A.2d 1241, 1246 (1979)).

▬ Here; by his status as a hypothetical lien creditor under 11 U.S.C. § 544(a)(1), the Trustee in bankruptcy is an attaching creditor of Ryan's interest in the property. *See In re Bois,* 191 B.R. at 281; *In re McConchie,* 94 B.R. 245, 249 (Bankr.D.Mass.1988); *In re Robbins,* 187 B.R. 400, 404–405 (Bankr.D.Mass.1995). "Since the trustee represents all of the unsecured creditors on whose behalf his attachable interest would be made, the amount of the attachment would be the equivalent of the total unsecured debt." *McConchie,* 94 B.R. at 249. The Debtor's contingent future expectancy interest in the Henry Drive real estate is a marketable asset "if anyone can be persuaded to purchase it." *Furkes* 65 B.R. at 236. Indeed, the Trustee has persuaded one Jack F. Sullivan to purchase said interest for $5,000.

So, for the foregoing legal reasons, and based on the Trustee's business judgment that this sale is in the best interest of the estate, the Notice of Sale is APPROVED.[3]

---

**3.** Implicit herein, of course, is our ruling that the Trustee has not engaged in champerty.

Enter judgment consistent with this opinion.